IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JOSEPH J. GRAY,                          :
                                         :
    Petitioner               :
                                         :   CIVIL NO. 1:11-CV-1278
                                         :
v.                                       :   Hon. John E. Jones III
                                         :
                                         :
WARDEN RONNIE HOLT,                      :
                                         :
    Respondent               :

## **MEMORANDUM**

October 6, 2011

**THE BACKGROUND OF THIS MEMORANDUM IS AS FOLLOWS:**

On July 8, 2011, Petitioner Joseph J. Gray ("Petitioner" or "Gray"), an inmate presently confined at the United States Penitentiary Canaan ("USP Canaan") in Waymart, Pennsylvania, initiated the above action *pro se* by filing a Petition for Writ of Habeas Corpus ("Petition") under the provisions of 28 U.S.C. § 2241. (Doc. 1.) He alleges that he was denied due process during disciplinary proceedings that took place at USP Canaan in April 2010.

We directed service of the Petition on August 1, 2011 and directed Respondent to file an answer within twenty-one (21) days. (Doc. 4.) On August 22, 2011, Respondent filed a Response (Doc. 5), copies of supporting unpublished opinions

(Doc. 5-2), and supporting exhibits (Doc. 5-3).  Petitioner filed a reply brief (Doc. 6) on September 21, 2011.  Accordingly, the Petition is fully briefed and ripe for disposition.  For the reasons set forth herein, the Petition will be dismissed for failure to state a cognizable habeas corpus claim.

## I.   FACTUAL BACKGROUND

On April 5, 2010, Incident Report Number 1999289 was issued charging Gray with Assisting in the Attempted Introduction of Narcotics (Code 111A) and Use of the Telephone to Further Criminal Activity (Code 197).  (Doc. 5-2 at 3, Fenstermaker Decl.; Doc. 5-2 at 4-5, 4/5/10 Incident Report.[1])  The incident report alleged as follows:

> On April 5, 2010, at 8:00 a.m., an SIS Investigation was concluded in which it was determined that inmate (name and Register Number omitted), had utilized coded wording consistent with narcotics slang, on the inmate telephone and e-mail system in reference to his request for narcotics, specifically Heroin, be supplied to him, and was introduced into USP Canaan during a social visit with (name of civilian A omitted) and (name of civilian B omitted) on October 3, 2009. Additionally, inmate (name omitted) made repeated requests for the Introduction of Heroin, Marijuana, and Methamphetamine for future visits over the inmate e-mail and telephone system. Furthermore, in an attempt to go undetected inmate (name omitted) was identified through voice recognition and content of his conversation utilizing the telephone account of inmate Gray, Joseph, # 11028-007, to further plan an introduction of narcotics for Saturday, January 16, 2010. During one such call on January 13, 2010, at 7:46

---

[1]Throughout this Memorandum, citations to page numbers of documents filed on the docket in this action are to the numbers generated by the CM/ECF Filing System.

>p.m., from telephone station 7247 in C-1 Unit, inmate (name omitted) called his brother, (name of civilian A omitted), at (telephone number omitted), while utilizing inmate Gray's account and excerpts are (name of civilian A omitted) stated, 'I'm going to get there early without a doubt.' Inmate (name omitted) replied, 'Yeah.' (Name of Civilian A omitted) states, 'I already know about the three's (3 grams in each Balloon) right, but I'm talking about the same, uh.' Inmate (name omitted) replied, 'Yeah, yeah, that's how we're going to try and go you know.' (Name of Civilian A omitted) replied, 'Yeah, because I got to get back down here.' Inmate (name omitted) replied, 'Nah. Do the same look.' (Name of civilian A omitted) replied, 'Alright.' The conclusion to the SIS Investigation was based on inmate statements/inmate intelligence, telephone recordings of inmate (name omitted), and e-mails authored by inmate (name omitted) to (name of civilian A omitted) at email address (email address omitted), and (name of civilian B omitted) at e-mail address (email address omitted). Telephone number (telephone number omitted) was added to the telephone account of inmate Gray on December 22, 2009, however this number has been on the account of inmate (name omitted) dating back to November 24, 2003, while housed at USP Lewisburg.

(Doc. 5-2 at 4.)

The incident report was delivered to Gray on April 5, 2010 at 2:50 p.m. (*Id.* ¶¶ 15, 16.) At the time of delivery, Gray was advised of his right to remain silent during the disciplinary process. (*Id.* at 5 ¶ 23.) Gray told the investigating Lieutenant, "That's my uncle." (*Id.* ¶ 24.) The investigating Lieutenant noted that Gray displayed a fair attitude during the investigation. (*Id.*) Gray did not provide any other facts, statements, or evidence in his defense during this investigation, and he did not request any witnesses to testify on his behalf. (*Id.* ¶ 25.) The Incident Report was referred to

3

the Unit Discipline Committee ("UDC").  (*Id.* ¶ 27.)

On April 20, 2010, the Disciplinary Hearing Officer ("DHO") hearing was conducted.  (Doc. 5-2 at 3, Fenstermaker Decl.; Doc. 5-2 at 8-11, DHO Report.)  Gray was advised of his rights at his DHO hearing on April 6, 2010.  (Doc. 5-2 at 6, Inmate Rights at Discipline Hearing Form.)  At hearing, the DHO noted that Gray waived his right to a staff representative.  (Doc. 5-2 at 8 § II. A.)  The DHO advised Gray of his rights before the DHO, and Gray indicated that he understood his rights.  (*Id.* § III. B.)  Gray made the following statement to the DHO, "I don't know what is going on.  I never gave him my account number or anything.  I don't know what is going on."  (*Id.*)  He also denied having informed the investigating Lieutenant, "That is my uncle."  (*Id.* at 9 § III. B.)

Following a hearing during which both Gray and the witness who is referenced in the incident report testified, the DHO determined that Gray had committed the prohibited act of Unauthorized Use of the Telephone (Code 297).  (*Id.* § IV. B.)  The charges of Unauthorized Use of the Telephone to Further Criminal Activity (Code 197) and Attempted Introduction of Narcotics (Code 111A) were expunged because the DHO determined that the elements of Gray's actions most satisfied Code 197.  (*Id.* at 11 § V.)

The DHO imposed the following sanctions: (1) thirty (30) days of disciplinary

4

segregation; (2) impoundment of personal property for thirty (30) days; and (3) eighteen (18) months loss of telephone and TRULINCS (e-mail) privileges. (*Id.* § VI.)

Gray appealed the finding of the DHO, and his appeal was denied at both the Regional and Central Office levels of review. (Doc. 5-2 at 12 ¶ 2 b., Herbin-Smith Decl.; Doc. 5-2 at 16-19, Admin. Remedy Case No. 593023.)

## II.   DISCUSSION

Gray fails to state a cognizable habeas corpus claim because the discipline he received does not implicate any liberty interests that are protected by the Due Process Clause. The Fourteenth Amendment of the United States Constitution provides in pertinent part as follows: "No State shall . . . deprive any person of life, liberty, or property, without due process of law . . . ." Federal inmates possess a liberty interest in good conduct time. *See Wolff v. McDonnell*, 418 U.S. 539, 555-57 (1974); *Young v. Kann*, 926 F.2d 1396, 1399 (3d Cir. 1991). Accordingly, "[h]abeas corpus relief is available to a prisoner who has been sanctioned in violation of due process to a loss of good conduct time." *Robinson v. Warden*, 250 Fed. Appx. 462, 464 (3d Cir. 2007). (*See* Doc. 5-1 at 5-7.)

However, the Due Process Clause does not provide protection against the imposition of other forms of discipline, including disciplinary confinement and the

5

loss of various privileges inasmuch as these other forms of discipline do not "impose[] atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Torres v. Fauver*, 292 F.3d 141, 150-51 (3d Cir. 2002) (citing *Sandin v. Conner*, 515 U.S. 472, 486 (1995)); *see also Robinson*, 250 Fed. Appx. at 464 n.1; *Santos v. Bureau of Prisons*, Civil No. 1:05-CV-0008, 2006 WL 709509, at *2 (M.D. Pa. Mar. 20, 2006) (loss of telephone privileges for thirty (30) days does not constitute "an atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.").

In his reply brief, Gray challenges the partiality of the DHO who conducted his discipline hearing and the sufficiency of the evidence to find him guilty of the charge of Unauthorized Use of a Telephone. (*See* Doc. 6.) Based upon these alleged due process violations, Gray asserts that this Court should grant his Petition and expunge the incident report. (*See id.* at 2-3.) However, where Gray was not sanctioned with a loss of good conduct time, but instead was sanctioned with disciplinary segregation, impoundment of his personal property, and the loss of telephone and e-mail privileges, no liberty interest was implicated, and thus he has no basis to assert these alleged violations of his due process rights through a habeas corpus petition. Accordingly, the instant Petition will be dismissed. An appropriate Order will issue on today's date.